UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARTELINA LOUISON, | Civil Action No. 15-6805 (KM) |
| Petitioner, | |
| v. | |
| TISH NALLS-CASTILLO, et al., | MEMORANDUM ORDER |
| Respondents. | |

IT APPEARING THAT:

1. Petitioner Kartelina Louison is a native and citizen of Barbados who most recently entered this country in July 1997 on a visitor visa and remained in this country following that visa's expiration. (ECF No. 1 at 8).

2. On April 29, 2013, Ms. Louison was convicted on a charge of aggravated assault in New Jersey and was sentenced to up to three years' imprisonment on June 21, 2013. (*Id.* at 8-9).

3. Ms. Louison was granted parole and was released from prison approximately six months later on January 6, 2014, at which time she was detained by immigration officials pending the outcome of removal proceedings pursuant to 8 U.S.C. § 1226(c). (*Id.* at 9).

4. On or about September 11, 2015, Ms. Louison filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Her petition asserted that her continued detention for approximately twenty months during the pendency of her removal proceedings had exceeded the period permitted by the United States Constitution and that further detention was not necessary to fulfill the requirements of the immigration statute under which she was held. (*Id.* at 11-15).

5. During the course of her removal proceedings, Ms. Louison sought a U Visa. (*Id.* at 3). She apparently meets the requirements, but because the numerical cap on U Visas had already been reached for the 2014 fiscal year, however, she has remained on the wait list for a U Visa and has been granted deferred action status pending her receipt of a U Visa. (*Id.*).

6. On October 19, 2015, the Government submitted its response to Ms. Louison's petition for a writ of habeas corpus. (ECF No. 3). Based upon the facts and history of Ms. Louison's case, the Government does not object to a bond hearing being held, and requests that this Court enter an order remanding the matter to an Immigration Judge to hold a bond hearing for Ms. Louison pursuant to *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). (ECF No. 3 at 1-2, Document 1 attached to ECF No. 3).

7. Pursuant to 28 U.S.C. § 2241(c), this Court may grant habeas relief to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Ms. Louison is currently detained in a facility operated by a custodian within the Court's jurisdiction, and asserts that her continued detention is not statutorily authorized and violates due process, this Court has jurisdiction over her claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973).

8. The Court of Appeals in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), held that §1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." *Diop*, 656 F.3d at 231. The determination of whether a given period of detention is reasonable under the circumstances is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. Under *Diop*, the

reasonableness of a period of detention is "a function of whether it is necessary to fulfill the purpose of the statute." *Id.*

9. While the Third Circuit did not provide a specific length of time beyond which a petitioner's detention would become unreasonable in *Diop*, *see* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014), the Court of Appeals provided some clarification in *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Chavez-Alvarez*, the Third Circuit held that, at least where there is no evidence of bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez*, 783 F.3d at 478.

10. Ms. Louison has been detained pursuant to § 1226(c) for approximately twenty months. Both Ms. Louison and the Government agree that her case is therefore not meaningfully distinguishable from *Chavez-Alvarez*, and that this Court should order an Immigration Judge to hold a bond hearing to determine whether Ms. Louison's continued detention is necessary to fulfill the purposes of § 1226(c).

THEREFORE, IT IS this 20th day of October, 2015

ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is GRANTED; and it is further

ORDERED that an Immigration Judge shall provide Ms. Louison with an individualized bond hearing, pursuant to 8 U.S.C. § 1226, within ten (10) days after the date of this Order; and it is further

3

ORDERED that the Government shall report the outcome of the bond proceeding to this Court within seven (7) days after it occurs; and it is further

ORDERED that the Clerk shall serve this Order upon the parties, and shall close the file.

_____
Hon. Kevin McNulty,
United States District Judge